### WILLIAM B. MILLER *vs.* JAMES H. BUTLER & another.

Two persons having participated in the composition of a libellous letter written by one of them, which was afterwards put into the post-office, and sent by mail to

---

the person to whom it was addressed; such participation was held to be compe-
tent and sufficient evidence to prove a publication by both.

In proving the application of the language of an alleged libel to the person who is
the subject of it, witnesses may be asked their opinion, as to the meaning and
intent, and what is their understanding, of particular expressions.

The responsibility of the writer of a private letter, for the publication of a libel
contained therein, is not limited to the consequences of a communication of it
to the person to whom the letter is addressed, but extends to the probable conse-
quences of thus putting it in circulation.

In judging of the malicious character of an alleged libel, the jury may take into
consideration the whole publication; and if it contains statements concerning
other persons, which are malicious, the jury may infer therefrom, that what is
said of the plaintiff is also malicious.

In order to constitute a libel, for which an action may be sustained, the publication
need not import a criminal charge; it is sufficient if it tends to subject the party
to whom it refers to ridicule or contempt.

This was an action on the case for a libel, tried before
*Wells*, C. J., in the court of common pleas. The alleged libel
was contained in a letter, signed " Co. & Son," dated at Lud-
low, January 5th, 1847, and addressed and directed to A. H.
Bartlett, Esquire, New York.

It was in evidence, that the letter in question was written
by Jencks, one of the defendants, on the day of the date there-
of, in the presence of Butler, the other defendant; that one of
them proposed to the other to write a letter to Bartlett; and
that Butler assisted in composing the letter, encouraging the
writing of it, and suggesting some of the expressions. The
letter was found in the post-office at Ludlow, two days after
its date, addressed to A. H. Bartlett, at New York, where he
resided, and was sent to him by mail and received by him.
The defendants objected, that this was not sufficient proof of
publication by Butler; but the objection was overruled, and
the question of publication by him was left to the jury upon
the evidence.

The defendants also contended, that they were not respon-
sible for any further publication of the letter by Bartlett, to
whom it was addressed, or by other persons, after it came
into his hands; but the presiding judge ruled, that if such
further publication was a probable consequence of sending
the letter to Bartlett, the defendants were responsible for such
consequences.

Miller *v.* Butler & another.

To prove that the plaintiff was the person referred to in the letter, as "the doctor," witnesses were called, who testified that they resided in the neighborhood, and were acquainted with the persons living there; that the plaintiff was a doctor and his father a colonel; that he had a sister Minerva, who was married to Bartlett; and that there were other persons in the family corresponding to those mentioned in the letter. One of these witnesses was inquired of, whether he had any doubts, that certain words in the letter, relating to "Minerva," referred to Bartlett's wife, to which he answered, that he could not tell. He was then asked, "Have you no opinion who it refers to?" and answered, "I think it must be Bartlett's wife." Another of the witnesses was asked, to whom the phrase "the colonel" referred; to which he answered, that he supposed "the colonel" meant colonel Miller. He was asked to whom the words "the doctor" referred. He answered he supposed they meant the plaintiff. The defendants objected to these questions as incompetent, and also to the answers; but the objections were overruled.

The defendants contended, that the letter contained nothing libellous towards the plaintiff, unless it charged him with fornication; but the presiding judge ruled, that if it did not contain such a charge, yet if it contained imputations derogatory to the plaintiff, or calculated to lead to a breach of the peace, so that the defendants would be liable to an indictment for a libel on the plaintiff, the action might be maintained, although no criminal offence was imputed to the plaintiff.

In arguing the case to the jury, the plaintiff's counsel insisted, that the reference in the letter to Bartlett's wife implied that Butler had had improper intercourse with her, and was designed to create jealousy in Bartlett's mind towards her; and that the references to colonel Miller, and the other persons named, were made from malicious motives; from which he argued that the jury ought also to consider, that the expressions relating to the plaintiff were malicious.

The defendants objected to this course of argument, but the presiding judge ruled, that it was for the jury to decide, whether the letter was written from malicious motives or not;

and that if the expressions in the letter alluding to colonel Miller and others were malicious, the jury might thereupon infer that the expressions relative to the plaintiff were also malicious.

The jury returned a verdict for the plaintiff, and the defendants excepted. '

*R. A. Chapman,* for the defendants.

*W. G. Bates,* for the plaintiff.

DEWEY, J.    1. The evidence of publication was quite sufficient to authorize the jury to find that fact as against both defendants.    The letter to Bartlett was written by Jencks, Butler assisting in composing it, and written in pursuance of a previous proposal made by one to the other.    It was then sent by mail to Bartlett.    Both parties to the transaction were engaged in a common object, and the acts of one are to be taken to have been done by both, as to the legal effect attached to them.    2 Greenl. Ev. § 416.

2. The evidence to show that the plaintiff was the person referred to in the libel was properly admitted; 2 Greenl. Ev. § 417.    The case of *Snell* v. *Snow,* 13 Met. 278, was different from the present, and the case of *Goodrich* v. *Davis,* 11 Met. 473, is not opposed to it, but rather affirms the principle, although it was not necessary to apply it in that case.

3. The jury were properly instructed as to the responsibility attaching to the defendants, for the natural and probable publicity that would be given to the libel by sending it to Bartlett; not for Bartlett's acts, but for the tendency and consequences of their own acts, in putting the libel into circulation.

4. The jury might properly take into consideration the entire letter and all the circumstances, and decide whether that part of the letter, which was applicable to the plaintiff, was malicious on the part of the defendants.

5. The question as to the character of the letter, and whether the same was libellous or not, was left to the jury with proper instructions.    Although no criminal offence was therein imputed to the plaintiff, yet the letter might be libellous. Any false imputation, which tends to subject the slandered party to ridicule or contempt, when the same is circulated in

writing or print, is actionable.   A distinction has always been taken between verbal and written slander; and this not only in reference to the consequences, as subjecting the party to an indictment, but also as to the character of the accusations or imputations essential to sustain a civil action to recover damages.

The rule is stated thus in a note to 1 Saund. 248: "To write or publish any thing of another, which makes him ridiculous, or holds him out as a dishonest man, is held to be actionable, when the speaking the same words would not be." The cases of *Villers* v. *Monsley*, 2 Wils. 403; *Austin* v. *Culpeper*, Skin. 123; *S. C.* 2 Show. 313; *Bell* v. *Stone*, 1 B. & P. 331; are all to the same effect.   See also 3 Bl. Com. 126; 2 Kent, (6th ed.) 17.

The question, whether this was a libel upon the plaintiff, as tending to expose him to ridicule and disgrace, was submitted to the jury under proper instructions.   The verdict was for the plaintiff, and the exceptions taken must be overruled.