NAPOLEON HILL ET AL. *v.* JOHN FRANKLIN.

1. HOMESTEAD EXEMPTION. *Code* 1871, § 2135. *Family.*
   A childless widower, who shelters, but does not support, an informally adopted daughter and her husband, is not entitled to the homestead exemption.

2. SAME. *A privilege not an estate. How lost.*
   The exemption is not an estate, but a privilege depending on two contingencies, — occupancy as a home, and having a family; and the ceasing of either ends it.

3. SAME. *Meaning of "family" in § 2135, Code 1871.*
   *Quære,* Must the family be constituted of such as have a legal claim on the debtor for support, or will it be sufficient if, in fact, they receive it?

Appeal from the Chancery Court of Coahoma County.

Hon. Charles Clark, Chancellor.

John Franklin files this bill to enjoin the sale of his residence, advertised under an execution emanating from a judgment against him in favor of Hill, Fontain & Co., a firm composed of Napoleon Hill, N. Fontain and others, on the ground that, as the premises have been occupied by him as his homestead for twenty-five years, during which time his wife and one of her children have died, and the remaining child has become of age, and as his informally adopted daughter, with her husband, is now residing with him thereon, the property, which is not worth over $1,000, is exempt from execution. From a decree overruling their demurrer to the bill the defendants appeal.

*Harris & George*, for the appellants.

The debtor is a householder, but has no family within the meaning of the statute. Code 1871, § 2135. No obligation is on him to support the young man and his wife. *Whalen* v. *Cadman*, 11 Iowa, 228; *Lathop* v. *Soldiers' Loan Association*, 45 Ga. 483; *Calhoun* v. *McLendon*, 42 Ga. 405. The homestead right is not an estate, as erroneously held in Massachusetts and New Hampshire, but a mere privilege attached by law to an estate which the debtor already has. When the privilege ceases there is no forfeiture, but a mere return of the debtor's old estate to its normal condition. *Whitworth* v. *Lyons*, 39 Miss. 467; *Partee* v. *Stewart*, 50 Miss. 717, 721. A marriage by the debtor after levy of the execution will secure the homestead, because he should have the means of supporting his family. *Trotter* v. *Dobbs*, 38 Miss. 198. The rule is, that all a man has is liable for his debts. The exemption law makes an exception. *Revalk* v. *Kraemer*, 8 Cal. 72; *Green* v. *Marks*, 25 Ill. 221. Had the legislature intended to secure the exemption to those who once had a family, it was easy to have added to the statute, after the words "having a family," the very important clause, "or, having had one, has lost it."

*Frank Johnston*, for the appellee.

The policy of the exemption law is wise and humane, its object to preserve family unity as indispensable to society and the protection of the State against pauperism. The law should be liberally construed and extended to all cases within its spirit

and equity. Smyth on Homestead and Exemptions, § 11; Wash. on Real Prop. 326; *Partee* v. *Stewart*, 50 Miss. 721. John Franklin had a family within the meaning of the statute. *Wilson* v. *Cochran*, 31 Texas, 677; *Taylor* v. *Boulware*, 17 Texas, 74. In *Barney* v. *Leeds*, 51 N. H. 268, the debtor continued to occupy the home after his wife's death, and the homestead was allowed him. The decisions in Iowa and other States, whose statutes give the exemption to " the head of a family," do not apply under our Code, § 2135, which gives it to a householder " having a family." This court has given a married woman living with her husband the exemption. *Partee* v. *Stewart*, *ubi supra*. A childless husband does not lose the exemption by the death of his wife. *Silloway* v. *Brown*, 12 Allen, 30; nor a widower by the death of his children. In *Doyle* v. *Coburn*, 6 Allen, 73, the reason given is, that " others may be adopted as members of his household, and his homestead retain its existence."

CHALMERS, J., delivered the opinion of the court.

The sole question presented is whether the appellee is entitled to a homestead exemption, and this depends upon whether he has a " family," in the sense of § 2135 Code 1871. That clause declares that " every citizen of this State, male or female, being a householder and having a family," shall be entitled to the homestead exemption. Do the allegations of the appellee's bill bring him within the meaning of these words? He is a childless widower, but has residing with him a young married woman and her husband, the former of whom had been reared by him as an informally adopted daughter. In other words, she was an orphan girl, without kindred or property, whom the appellee and his wife had taken into their family, and reared and educated as a daughter, without any formal act of adoption. A few months before the death of the appellee's wife the girl had married and gone with her husband to live elsewhere. Immediately upon the death of the appellee's wife she returned with her husband to reside in the home of her self-constituted guardian; and, at the date of the levy of the execution, was there living, as is alleged, as a member of his family.

There are authorities which hold that a man who has acquired a homestead exemption by reason of the fact that he has a wife or minor children, will not lose it by the death of the wife and the attainment of majority and removal of the children.  They rest upon the assumption that the homestead exemption is an estate which, once acquired, is not forfeited by the act of God, or by circumstances over which the owner has no control.  We cannot assent either to the reasoning or the result of these cases.  The homestead exemption is a privilege rather than an estate.  For the benefit of the family, the law exempts the home of the family from the burden which rests upon all other property of being appropriated to the debts of its owner.  This immunity depends upon two contingencies : first, occupancy as a home ; second, that the owner shall have a family.  When either ceases, the exemption is at an end.  There can be no more reason for holding that a man who has lost his family shall continue to preserve an exempt homestead, because he once had a family, than for saying that the house which has once been exempt while occupied as a homestead, shall continue to be exempt, although totally abandoned as a residence.  It is as illogical to say that the exemption shall continue after the family has ceased, as to say that it can exist before the family comes into existence.  It will not be pretended that a man could claim a homestead exemption upon the ground that he intended to have a family. How can it be said, with more reason, that he is entitled to one because he formerly had a family ?

The exemption is given to enable the owner to meet and discharge the burden of supporting the family.  When the family does not exist, there is no burden, and there can be no exemption.  The exemption depending upon the burden, it must be wholly immaterial whether the latter once existed and has ceased, or whether it never existed at all.  Does the fact that the appellee's *quasi*-adopted daughter and her husband reside with him give him a family, in the sense of the statute ?  There is no legal obligation resting upon him to give them either shelter or support ; nor is it alleged that they are dependent upon him, or actually receive from him any thing more than a shelter.  So far as the record shows, they are simply in his

house, because agreeable to all concerned, and as a matter of convenience. May an unmarried man, by inviting strangers to live with him, entitle himself to the homestead exemption? If so, there is an end of that distinction between those who have and those who have not families, which the law so distinctly points out. By § 2131 of the Code, certain personal property is declared exempt, in favor of all persons. By § 2135, the homestead is declared exempt in favor of him who is " a householder " " having a family." It is not necessary in this case to declare whether those who constitute the family must be such as have a legal claim for protection and support upon the owner of the homestead, or whether it will be sufficient if in fact they receive it; because, while the pleadings show that the appellee was under no legal duty towards those living with him, there is a failure to allege that he had voluntarily assumed their support. For aught that appears, they were indebted to him for a shelter only, depending upon their own exertions for all else. Under such circumstances, we cannot think that the requirement of the statute is met. The views here announced are not in accordance with those held in several other States, but we think them sound in principle. Contrary views are announced in the following among other cases: *Revalk* v. *Kraemer*, 8 Cal. 66, 72; *Doyle* v. *Coburn*, 6 Allen, 71; *Silloway* v. *Brown*, 12 Allen, 30; *Wood* v. *Wheeler*, 7 Texas, 13; *Taylor* v. *Boulware*, 17 Texas, 74, 77; *Barney* v. *Leeds*, 51 N. H. 253. The following cases are more or less in accordance with the view taken by us: *Sears* v. *Hanks*, 14 Ohio St. 298, 300; *Whalen* v. *Cadman*, 11 Iowa, 226; *Calhoun* v. *McLendon*, 42 Ga. 405; *Lathrop* v. *Soldiers' Loan Association*, 45 Ga. 483.

It being suggested that it can perhaps be shown that the inmates of the house are actually supported by the appellee, we remand the case with leave to amend the bill, without committing ourselves to the legal effect of such amendment.

*Decree reversed, demurrer sustained, and cause remanded.*