## J. D. POWERS ET AL. *v.* J. A. SAMPLE.

HOMESTEAD. *Householder. Head of family.* Code 1892, § 1970.

> An aged widower living with a married son of middle age, in a house built and controlled by the son, though on land of the father who receives no rent but contributes nothing to the support of the family beyond what is necessary for his own maintenance, and who is under no moral or legal duty to contribute to the support of the family, is neither a "householder" nor the head of a family, so as to be entitled to a homestead exemption under § 1970, code 1892. *Hill* v. *Franklin,* 54 Miss., 632, cited.

FROM the circuit court of Holmes county.

HON. C. H. CAMPBELL, Judge.

Ejectment. Judgment for defendant. Plaintiffs appeal.

The controlling facts, as found by the court from the record, are stated in the opinion.

*Hooker & Wilson,* for appellant.

The homestead is a privilege, and not a right. It does not depend upon the age, health, or physical condition of the occupant. He must be a householder and the head of a family. In this case, unquestionably, the son, and not the father, was the householder, and the son was the head of the family. It is immaterial that the son testifies that he regarded his father as the head of the family. This is merely a conclusion of his,

and it is at variance with the facts.   It is absurd to say that J. A. Sample displaced and superseded J. N. Sample as the head of his own family.   The family was in no way dependent upon J. A. Sample, who, in his old age, moved to his son's house. The head of the family is one who provides for and has control of it.

The court below misconstrued the language in *Pearson* v. *Miller*, 71 Miss., 379.   Simply living with a family does not constitute one the head of the family; he must have control, and the other parties must, in some way, be dependent upon him.   42 Ga., 405; 32 Gratt. (Va.), 18; 48 Tex., 517; 50 *Ib.*, 483; 54 Miss., 632.

*E. F. Noel*, for appellee.

This case is fully covered by the decision in *Powers* v. *Sample*, 69 Miss., 67, and authorities cited.   Even if it be established that the land in controversy was in the possession of J. N. Sample as the head of the family, it would not be subject to sale.   His tenancy, even though it be permissive or at will, would clothe the land with exemption privileges.   *King* v. *Sturges*, 56 Miss., 606.

I submit that a consideration of the facts in this case demonstrates that appellee was entitled to claim the land as exempt. A family is "a collection of persons living together under one head.   A householder having a family may be characterized as the head of a family, occupying a house and living together in one domestic establishment.   He need not be a husband or father, nor need the family over which he has headship and control be kept together as a unit continuously."   *Pearson* v. *Miller*, 71 Miss., 379.   Under this decision, I think the evidence shows J. A. Sample to be a householder.   But, if he were not, the property would still be exempt, as it is in the possession and ownership of some one of that household. Thompson on Homesteads, § 224.   As this court said on a former appeal: "It is no concern of the creditor to which

member of the family the title belongs." It is the occupancy as a residence, and not the title, that the statute protects. *Mc-Grath* v. *Sinclair*, 55 Miss., 89; *King* v. *Sturges*, 56 *Ib.*, 606; *Steen* v. *Hamblet*, 66 *Ib.*, 112; *Wilcher* v. *Thompson*, 12 So. R., 828.

Argued orally by *E. F. Noel*, for appellee.

Cooper, C. J., delivered the opinion of the court.

The plaintiffs in this action claim title to the land demanded by virtue of a purchase at execution sale under a judgment against the appellee. The defense is that the land was exempt by law from sale under execution as a homestead. By our law it is declared that "every citizen of this state, male or female, being a householder, and having a family, shall be entitled to hold as exempt from seizure or sale, under execution or attachment, the land and buildings owned and occupied as a residence by him or her; but the quantity of land shall not exceed one hundred and sixty acres, nor the value thereof, inclusive of improvements, save as hereinafter provided, the sum of two thousand dollars." Code 1892, § 1970. It is admitted by appellants that the quantity and value of the land is within the limits allowed by law, the single question of contention being whether the appellee, on the facts shown in evidence, is a "householder having a family" within the meaning of the law.

The appellee is an aged widower having two adult children, Mrs. Garrett, a married lady, who resides with her husband in the house occupied by the appellee as a residence during the life of his wife, and J. N. Sample, a married son. Up to within a short time of the execution sale, the appellee resided with his daughter, but at that time he had removed to the house occupied by his son, which house had been built by the son many years ago, and has been ever since occupied by him as a residence. The title of the land was in the appellee, and his contention is that this house is now owned and occupied by him

as a residence; that he, and not his son, is the "householder," and that he, and not the son, is the "head of the family" there residing. It appears in evidence that the son is forty-three years of age, and has a wife and two children, one sixteen and the other eight years old, both boys. The son testifies that he supports his own family by the labor of himself and his oldest son; that the appellee performs no labor, but charges the son no rent for the land, and, on some occasions, has probably paid some accounts due by the son. This witness says that "he considers his father as the head of the family." This is the substance of the evidence, and on it the court below charged the jury to find for the defendant.

We think, on the undisputed facts, the appellee is not a "householder having a family" within our exemption law, and that the verdict should have been for the plaintiffs.

In *Hill* v. *Franklin*, 54 Miss., 632, it was held that a childless widower was not entitled to an exemption, but that by the death of the wife the exemption was lost. In that case an informally adopted daughter, with her husband, had returned to the residence of the defendant soon after the death of his wife, and was there living, it was claimed, as a member of his family. It was, however, held that the defendant was under no obligation to support the *quasi* adopted daughter, and therefore no exemption existed.

We are not disposed to limit the purpose and scope of the statute so as to hold that no one can be held to be the head of a family unless there be those to whom he owes a legal duty to support and provide for. We are not forgetful of the number of decisions in which it has been held that the "obligation of nature," when recognized and followed, may constitute a family, though the relationship of those dependent upon the one who provides is not of the class which imposes a legal duty to maintain. But we do not think it can be said that an old man of seventy-two years is under any duty, legal or moral, to support an adult son and his family whose health and faculties are un-

impaired, and who are fully equal to the burden of providing for themselves. Nor do we think the facts here disclosed show the appellee to have been the "householder," the head of the family, entitled by his position to the control of the domestic establishment of which he was a member. There cannot be two heads to the family, and if the appellee was the householder, the son was not. In *Partee* v. *Stewart*, 50 Miss., 717, it was held that the wife owning the house was entitled to an exemption as a householder within the meaning of the law, and in *Powers* v. *Sample*, 69 Miss., 67, we held that the husband and the wife, each owning eighty acres of land (both tracts combined not exceeding the exemption allowed), could claim as exempt the whole body of the land. But where, as here, the establishment is that of the son, the father occupying the relation of an inmate, with no duty, legal or moral, to contribute to the support of the family beyond a sum necessary to his own maintenance, it cannot be said that there rests upon him that burden in consideration of which the law permits an exemption from the demands of creditors. *Hill* v. *Franklin*, 54 Miss., 632.

*Judgment reversed.*