H. F. O'HARE, Respondent, v. BISMARCK BANK, a Corporation, et al., Appellants.

(178 N. W. 1017.)

**Homestead — the "home" and "residence" is the place where a person resides.**

1. The "home" and "residence" of a person is the place where he commonly resides; a place to which, when absent, he returns, like a bee to its hive, a carrier pigeon to its home, a bird to its nest.

**Homestead — wife's homestead right is not affected by death of husband.**

2. From sale on execution the law exempts a homestead—a city lot and the dwelling house in which the owner and head of a family resides. When the wife owns the homestead her title and her exemption right are not affected by the death of her husband. While she continues the head of a family and resides in her home it is exempt.

**Homestead — at husband's death wife takes an estate for life or years.**

3. When the husband owns a homestead and dies leaving a wife and children, the title does not vest in the wife, but she takes an estate for life or years, as provided by statute.

The law gives it and the court awards it.

Opinion filed July 3, 1920. Rehearing denied September 4, 1920.

Appeal from the District Court of Burleigh County; Honorable W. L. Neussle, Judge.

Modified.

*Foster & Baker,* for appellants.

Even though there was at one time a homestead estate of plaintiff's and respondent's vendor in the real property involved in this action, such estate was lost through abandonment of the premises as a home.

NOTE.—Where a husband and wife occupy a homestead, it was held that she was the head of the family, at his death, as will be seen by an examination of the cases collated in 4 L.R.A.(N.S.) 365, and L.R.A.1917C, 361, on what constitutes a family under homestead and exemption laws.

On homestead rights of nonresident widow, see note in 96 Am. Dec. 412.

As to what constitutes abandonment of homestead, see notes in 102 Am. St. Rep. 388, and 60 Am. Dec. 607.

Hall v. Holland, 138 Minn. 403, 165 N. W. 233; Clark v. Derroy, 71 Minn. 108, 73 N. W. 639; Wapello Co. v. Brady, 118 Iowa, 482, 92 N. W. 717; Clemans v. Penfield, 111 Iowa, 511, 82 N. W. 947; Blodgett v. Lawrence (Vt.) 97 Atl. 666; Jarvais v. Moe, 38 Wis. 440; Re Phelan, 16 Wis. 79; Davis v. Andrews, 30 Vt. 678.

*H. F. O'Hare,* for respondent.

A temporary lease of a portion of a homestead premises does not deprive such homestead or any part thereof of its homestead character. Hall v. Holland, 138 Minn. 403, 165 N. W. 235; Re Coles, 224 Fed. 170; Kelcham v. Kelcham, 269 Ill. 587, 109 N. E. 1025; Healy v. Bank, 30 N. D. 628, 153 N. W. 392; Clark v. Bird, 158 Ala. 258, 48 So. 359; Pratt v. Pratt, 161 Mass. 276, 37 N. E. 435; Adams v. Adams, 183 Mo. 396, 82 S. W. 66; Dennis v. Bank, 19 Neb. 675, 28 N. W. 512; McDermott v. Kaman, 72 Wis. 268, 39 N. W. 537; Repenn v. Davis, 72 Iowa, 548, 34 N. W. 326; Boyer v. Dague, 167 Iowa, 212, 149 N. W. 73; Yellow Hair v. Pratt (S. D.) 169 N. W. 515.

ROBINSON, J. The plaintiff brings this action to quiet his title to a house and lot, which is No. 705, Sixth street, Bismarck. In August, 1919, the plaintiff purchased the lot from Ida B. Healy, against whom there were two judgments docketed, a judgment docketed in February, 1904, for $486.78, on which execution had been issued and levied on the property; a judgment docketed in August, 1911, for $150.40. The complaint avers that when the judgments were obtained and when the property was conveyed to the plaintiff it was the actual homestead of Ida B. Healy. Defendants appeal from a judgment quieting title.

The case is governed by the statute on homesteads. To the head of a family residing in this state there is exempt from judgments and sale on executions a limited tract of land with the dwelling house in which the homestead claimant resides. Comp. Laws, § 5605. The homestead claimant may file for record with the proper register of deeds a declaration of homestead, which must contain a statement showing the person making it is the *head of a family and that he resides on the premises.* Section 5623. Then it is provided the head of a family may be either the husband or wife and any person who has residing on the premises with him and under his care and maintenance his or her child, a minor brother or sister, a father or mother, and other dependents. Section 5626.

Thus it appears the homestead claimant must be the *head of a family and he must have a dwelling house and he must reside in it.*

In 1896 the title to the property in question was in Ida B. Healy. She put a house on it, in which she resided with her husband and children. In 1901 the husband died, and, in time, the children, a son and a daughter, grew up and made their homes in Jamestown. Then Mrs. Healy rented the house to one Staley at $30 a month. He occupied it for four years. Then she rented it to Taylor, who occupied it for two years; then to Parsons who has occupied it since October 1, 1918. The house consists of six rooms and a bathroom. In renting it Mrs. Healy reserved one small room on the second floor, in which she stored all her household furniture, beds, and bedding. Her claim is that during the renting period she has maintained a residence in the house by making occasional visits to the room reserved and stored with the furniture.

Soon after the first renting of the lot the defendants levied an execution on the same. Then Mrs. Healy commenced an action to restrain the levy and sale, and this court held that the levy should be enjoined during such time as the premises continued to be a homestead. 30 N. D. 629, 153 N. W. 392. In that case it does not appear that any witnesses were sworn other than Mrs. Healy. Her testimony is quoted in the opinion and it covers three pages. It was not contradicted. In this case it is very different. While Mrs. Healy deposes that she has been making monthly trips from Jamestown to Bismarck and living there one or two days at a time in the dismal room filled with furniture, her testimony is highly improbable and it is flatly contradicted. People do not keep up a residence in that way for six, for seven, or eight years. Then there is no claim that the judgments do not represent an honest debt which Mrs. Healy never purposes to pay, and that goes to her credibility. For truth and honesty are kindred virtues. They go together. A person who is not honest, neither is he truthful. Since October 1, 1918, Mrs. Jennie Parsons has occupied the house continuously every day without interruption. She testifies that during that time she has seen Mrs. Healy only twice and that she stayed at the house only half or three quarters of an hour. She says Mrs. Healy could not have lived in the room without her knowing it.

Q. What is the condition of the room?

A. Well, back from the door along the wall was chairs, dressers, commodes, pictures, and those were covered with bed sheets. There was an iron bed made up with clothes spread on it and pillows, and no mattress; and the window was closed, that is, with the furniture. She could not use the window; she could not get to it; there was too much furniture and it was piled up against the window and right in front of it. The room was 8 x 10 or a little larger.

The testimony, the facts and the circumstances show beyond doubt that when the property was sold to the plaintiff in August, 1919, it was not a homestead. Mrs Healy did not reside in the house; she had not resided in it for years; she was not the head of a family. The city of Bismarck was not her postoffice address.

Now the statutes do also provide for a homestead by inheritance, which is entirely different from the homestead in question. Section 5627. "Upon the death of a person in whom the title to real property constituting a homestead is vested, a homestead estate shall survive and descend in the order following: (1) To the surviving husband or wife for life. (2) To the testator's minor child or children until the youngest attains majority. (3) In case of a surviving husband or wife dying before the majority of the youngest child, then to the decedent's minor child or children until the youngest attains majority."

Section 8723. "Upon the death of either husband or wife the survivor, so long as he or she does not again marry, may continue to possess and occupy the whole homestead."

That section refers to the homestead by inheritance. If the title to the property in question had been in the husband at the time of his death then the widow, that is, Mrs. Healy, would have taken an estate for life or so long as she did not again marry, but as such widow she would not have inherited the title. But when, as in this case, the surviving wife is the owner in fee of the homestead, her title and interest is not in any manner affected by the death of her husband. The probate court had no jurisdiction to set off or in any manner interfere with her homestead. She continues to hold the same under § 5605, and not otherwise. Thus it is apparent there are two classes of homesteads, and some courts have fallen into error by failing to note the distinction

between the title to real property with a homestead exemption, and a homestead by inheritance for a limited time without any fee title.

In Healy v. Bismarck Bank, 30 N. D. 628, 153 N. W. 392, ex Chief Justice Bruce cites Comp. Laws, §§ 5627 and 8793, which relate to an inheritance or probate homestead. Then he says: It seems quite clear from those statutes that the homestead laws are made for the protection of the widow, whether she has children to support or not, and she will not lose her interest because her children have grown up or she does not happen to have any (p. 637). And that is true of a homestead *by inheritance or a probate homestead,* but in this case the fact that the plaintiff is a widow has nothing whatever to do with her homestead rights, which is nothing only an exemption from sale on execution. The exemption is a family right rather than a personal right. First International Bank v. Lee, 25 N. D. 197, 141 N. W. 716. In Healy v. Bismarck Bank, supra, page 639, Justice Bruce writes: "There can be no doubt that if the title had been in the husband the interest of the wife would have been protected. "Why," says the supreme court of Kentucky "should not the original owner have a right equal to the survivor, and why should not the law favor the latter equally with the former? Is the party to be worsted because he owns the property?"

Now, so far as such questions apply, it is for the legislature to answer them, and not the courts. When a widow applies to the probate court for an interest in her husband's land she takes just what the statute gives her and no more. But when the widow owns the fee title to a tract of land which she claims as a homestead her claim in no manner depends on her widowhood or the allowance of a probate court. It depends wholly on the statute which defines and limits a homestead right to the *head of a family residing in a dwelling house on the land claimed as a homestead.* Section 5605. Clearly at the time of the conveyance to plaintiff Mrs. Healy did not reside on the property in question and it was not her homestead. It was not exempt from sale on execution. The evidence in the record is sufficient to show an abandonment of the premises as a homestead. Accordingly the judgment should be modified by decreeing a lien in favor of the defendant thereon, for the amount of his judgments.

BRONSON, J. (concurring specially). I am of the opinion that the evidence in the record is sufficient to show an abandonment of the premises as a homestead. Accordingly the judgment should be modified by decreeing a lien in favor of the defendant thereon, for the amount of his judgments.

ROBINSON and BIRDZELL, JJ., concur.

GRACE, J. (dissenting). The facts in this case are stated in the majority opinion, and a restatement thereof is unnecessary. At a time prior to this action, and in another action, the homestead character of the premises in question was determined.

We refer to the case of Ida B. Healy v. Bismarck Bank, the latter, there, as here, a defendant. The opinion in the former action was filed June 3, 1915. 30 N. D. 628, 153 N. W. 392. In that decision it was determined, that the premises involved in that action was the homestead of the plaintiff. Those premises are the same as involved in this.

In that action it was determined that the judgment held by the defendant was not a lien upon the premises, and the defendant was enjoined upon issuing execution on the judgment, or judgments, during the time the premises retained their homestead character.

After that decision, nothing further was done by the defendant to enforce or to have the judgments, mentioned in the majority opinion, determined to be a lien upon these premises.

While the premises retained their homestead character, impressed upon them by the former action, and while the injunction above referred to was still in full force and effect, the plaintiff in that case sold these premises, in August, 1919, to this plaintiff, for the sum of $2,300, and received therefor, in cash, the full purchase price of $2,300.

Subsequent to the purchase of the premises, the plaintiff brought this action to quiet title. The defendant herein filed a complaint in intervention, setting up the judgments and asserting them as a lien. The evidence in this case is clear, that, at the time of the transfer to the plaintiff, the premises were the homestead of Ida B. Healy. The evidence in this respect is of the same character, and equally as convincing and strong, on the part of Ida B. Healy, as it was in the former case.

The evidence clearly shows, at the time of the sale, it was her homestead, and further clearly shows that it was her intention to, and she did always, claim it as a home up to the time of the sale.

It will not be necessary to set forth this evidence, but a comparison of the evidence in this case, and the evidence set forth in the former opinion, found in 30 N. D. 628, will leave no doubt as to the correctness of our conclusion.

The homestead character of the property existed at the time of the transfer to the plaintiff, and the judgments at that time were not liens upon this property and were void, so far as being any lien against this property.

Ida B. Healy had a right to sell her homestead, as such, and the proceeds thereof would be exempt, if they were intended to be used, within a reasonable time, for the purchase of another homestead. That question, however, would not arise unless the defendant were maintaining an action to reach the proceeds, and if this were the case, which it is not, a different question might be presented.

Defendant, however, is not seeking to do this, but is asserting that the judgments are a lien, notwithstanding the decision, and notwithstanding the further fact that the premises retained their homestead character at the time of the sale.

We hold that it cannot do this, and further, that the judgments, at the time of this sale, were not a lien upon the premises in question, by reason of their being impressed with the homestead character, and that they were, in fact, void at that time as against this property.

The findings of fact of the trial court were also to this effect, and there is no reason why this court should set aside these findings, and come to a different conclusion. The decision of the trial court was right, is in accord with the evidence, and there is no legal reason why it should not be affirmed.

It is unnecessary for us to state that this court has always given a liberal construction to the homestead and exemption laws, and this, in the interest of public policy, and for the protection of the home and the family. That policy of this court has been consistently pursued ever since statehood, and during territorial days. It is entirely unnecessary to set forth all those decisions, or even to mention them. They are an

open book, wherein is well and correctly written, humane, just, and liberal construction of the homestead laws, and the spirit found in them should be found in this case.

Ida B. Healy was a widow; her children had grown to maturity, and had gone away. It was lonely for her to stay there alone all the time, and, in this regard, we think we can do no better then use the splendid thought of a former chief justice of this court, A. A. Bruce, who was the author of the decision in the former case, and wherein, in this regard, he used the following convincing language:

"The plaintiff never at any time relinquished the control of the house. She merely rented it, month by month. She reserved a room in the house, even though it was occupied, as a whole, by tenants. She was simply doing what nine out of ten widows, whose children have grown up, would do, that is, reserving the central homestead, and the right to return thereto as a shelter against adversity, and as a permanent home, but, relieving the monotony and loneliness of life by visiting her children and friends, as occasion offered. Such acts do not constitute an abandonment of a homestead."

These words correctly express the liberal policy of our homestead laws. They are based upon a broad public policy, and show a proper conception of the basic principles of homestead laws. That construction is broad and liberal, as contra-distinguished from a narrow and selfish view. It takes into consideration the benefits to accrue to the state and the nation, in the protection of the home, which is the unit of the state and nation.

The opinion of the majority, however, in this case, is based upon a narrow and technical construction of the homestead laws, and, as we view it, rests mainly upon that expression in the majority opinion, which is as follows:

"Then there is no claim that the judgments do not represent an honest debt which Mrs. Healy never proposes to pay, and that goes to her credibility. For truth and honesty are kindred virtues. They go together. A person who is not honest, neither is he truthful."

In answer to this, it may be said, that no creditor, no person, is warranted in extending any credit, or lending any money, with the expectation that it will be paid out of the homestead, unless it is, at the

time of the transaction, voluntarily thereon secured by the owner of the homestead, by a mortgage, etc.

A homestead is not property in the sense that, on the strength of it, persons should advance credit or money to the possessor thereof. In such case, the homestead should not be taken into consideration, for it is exempt, and this is known when the credit is extended.

The law provides that a judgment is not a lien upon the homestead; that it is exempted, in order to protect the head of the family and the family. So that if one owns a homestead, and also owes an honest debt, but refuses to pay the debt from any proceeds of the homestead, that is not dishonesty; it is the law. Neither does a refusal to pay such debt out of the homestead, or the proceeds thereof, show that the possessor of the homestead is dishonest and untruthful. In fact, the proceedings in the prior case, as well as this, conclusively show that the owner and possessor of the homestead is both honest and truthful.

The majority opinion entirely fails to take into consideration the broad public policy, which is the basis of every homestead law. It fails to take into consideration the intention of the homestead law, which is the protection of the home, and as such, should, and must, receive a liberal construction in order to effectuate its beneficent purposes.

For one, I shall take no backward step in this regard. I believe the homestead law should be liberally construed to protect the homestead for the owners and occupants thereof against the adversities which may come upon them, and in order that, as the winter of life draws upon them, they may have a place they may call home and which will be free from the claims of creditors.

CHRISTIANSON, Ch. J. (dissenting). By the decision of this court made June 3, 1915, it was adjudged that the property in controversy was the homestead of Ida B. Healy, and that the judgments which the defendants held against her did not constitute a lien or claim upon it. It was further adjudged that defendant be restrained and enjoined from asserting or claiming said judgment to be a lien upon said property, during the time it continued to be a homestead. Healy v. Bismarck Bank, 30 N. D. 628, 153 N. W. 392. The plaintiff purchased the

property from said Ida B. Healy in August, 1919. If it was her homestead at the time of the sale, the exempt character ran with the sale. 21 Cyc. 553.

The sole question presented on this appeal is whether interim June, 1915 and August, 1919, said Ida B. Healy abandoned her homestead, and thereby caused the judgments held by the defendants to become liens against the property. Of course, the decision rendered by this court in the former action established that the property was the homestead of Ida B. Healy, and that the judgments which defendants held against her were not liens against it. The presumption is. that the condition then shown to exist continued. Comp. Laws 1913, subdv. 32, § 7936, 21 Cyc. 639. The defendants had the burden of overcoming this presumption. And in this action they were, by the express terms of the statute, deemed plaintiffs, for the purposes of the trial. Comp. Laws 1913, § 8153. Hence, the defendants had the burden of showing that the judgments had become and were liens against the property at the time plaintiff purchased it from Ida B. Healy. This action was tried before the same judge who tried the action of Healy v. Bismarck Bank, supra. Ida B. Healy appeared in person and testified in this case. She testified positively that she had never abandoned her homestead or her intention to make it her home; that she retained the intention to make it her home at all times until she made the sale. While my mind is not free from doubt I am not prepared to overturn the findings and judgment of the trial court, and order judgment for the defendants.