**PORTLAND CREDIT UNION, Plaintiff and Appellant,**

**v.**

**Arthur HAUGE, a/k/a Arthur H. Hauge, and Donald R. Nelson, Defendants and Respondents.**

**Civ. No. 8549.**

Supreme Court of North Dakota.

June 30, 1969.

Degnan, McElroy, Lamb & Camrud, Grand Forks, for plaintiff and appellant.

Chauncey T. Kaldor, Hillsboro, for defendants and respondents.

STRUTZ, Judge.

This is an action to set aside an assignment of interest in real estate as having been made to defraud creditors. The pertinent facts are as follows:

The defendant Arthur Hauge owned a quarter of land in Traill County, which he and his wife occupied as their homestead. In 1961, a mortgage which they had previously given on this land was in the process of being foreclosed. In order to save their home, the Hauges borrowed money from one Theodore Huus, a neighbor. They gave Huus a deed to the property and then received back a contract for deed. This contract for deed was taken in the name of Arthur Hauge and the defendant Donald R. Nelson, who is the son of Mrs. Hauge by a former marriage. The contract for deed was dated September 12, 1961.

At the time of the above transaction, the Hauges were also indebted to the plaintiff Credit Union, and had been for many years. There is some indication that part of the money received from Huus was to have been applied on this indebtedness. Whether or not that is true is immaterial to the issues now before the court and need not be determined in this case.

The Hauges continued to occupy the property as their homestead. Mr. Hauge failed to make his payments to the plaintiff, and it began to press him for its money. On September 12, 1965, while Mrs. Hauge still was alive and while they were occupying the land as a homestead, Mr. Hauge assigned his interest in the contract for deed to the defendant Donald R. Nelson, his stepson. Mrs. Hauge did not join in this assignment. Thereafter, on February 26, 1967, Mrs. Hauge died. The plaintiff recovered judgment against Arthur Hauge on August 22, 1967, and now brings this action to set aside the assignment to Nelson, as having been made to defraud creditors and therefore being void.

■ The attempted assignment of interest in the homestead to Donald R. Nelson by Arthur Hauge, dated September 12, 1965, clearly was invalid and of no effect. At the time Mr. Hauge executed the instrument assigning his interest in the contract to Nelson, Mrs. Hauge was living and they were occupying the land as their home. Section 47–18–05, North Dakota Century Code, provides:

"The homestead of a married person, without regard to the value thereof, cannot be conveyed or encumbered unless the instrument by which it is conveyed or encumbered is executed and acknowledged by both the husband and wife."

Mrs. Hauge did not join in the instrument by which Hauge attempted to convey the homestead interest. The assignment therefore was invalid and of no effect.

Mrs. Hauge died on February 26, 1967, without having transferred her interest in the homestead. Since the instrument of September 12, 1965, was invalid, the title to that part of the property which Hauge had attempted to assign and transfer to Nelson under date of September 12, 1965, remains in the defendant Hauge. The judgment which the plaintiff recovered against Hauge was docketed on August 22, 1967. Whether this judgment is a lien on Hauge's interest in the property, which was the homestead of Hauge and his wife, is dependent entirely upon whether the homestead rights which he had while Mrs. Hauge was alive continue or whether such rights terminated when Mrs. Hauge died and Hauge became a widower. It is ad-

mitted that the husband, after the death of his wife, resided on the property alone. There were no minor children or other dependents living with him.

It is clear that Hauge, as a widower, and without dependents residing with him, was not the head of a family and could not have established a homestead after the death of his wife. Sec. 47–18–02, N.D.C.C.

However, if the homestead status, once established, continues to exist after the death of the wife unless voluntarily abandoned, even though there are no minor children or other dependents residing with him, then the plaintiff cannot prevail in this action even though the assignment by Hauge of his interest in September of 1965 was invalid.

■ This court has passed on this identical issue. In Healy v. Bismarck Bank, 30 N.D. 628, 153 N.W. 392 (1915), we held that under the homestead law, which remains unchanged, where a homestead status once is established during the lifetime of the husband and wife, the widow will not be divested of her homestead interest upon the death of her husband, even though she has no minor children who need her support. The court, in the *Healy* case, stated that the homestead provisions of the Code are to be liberally construed as being for the protection of the family as a whole, including the wife.

This court again considered the application of this statute in the case of Meidinger v. Security State Bank, 55 N.D. 301, 213 N.W. 850 (1927). In *Meidinger*, it was the wife who died. The husband was eighty-three years of age and had no minor children or other persons depending on him for support. Thus *Meidinger* presented the same factual situation which we face in the action here before the court. In applying the effect of the homestead law in *Meidinger*, this court held that where a homestead status once has been established and the property has been occupied as a homestead by a husband and wife, the homestead rights continue to exist in favor

of the husband after the death of the wife, unless the homestead has been voluntarily abandoned.

The homestead rights of the parties in any State must be interpreted in the light of the laws of that State. The statutes here under consideration have been passed upon by the highest court of this State, under facts almost identical to those before us in this case. Although many years have passed since this court interpreted the provisions of the homestead law in *Healy* and in *Meidinger, supra*, the Legislature has not amended the law.

■ This court has held that the construction of a statute by the courts, supported by long acquiescence on the part of the Legislative Assembly, or by continued use of the same language, or failure of the Legislature to amend the law, is evidence that such construction is in accordance with legislative intent. Kline v. Landeis, 147 N.W.2d 897, 902 (N.D.1967).

Although a strong argument was made to the effect that the homestead exemption was created for the protection of the family, and not to protect individual persons such as the widow or widower, the interpretation which this court has placed upon our homestead law in Healy v. Bismarck Bank and in Meidinger v. Security State Bank, supra, is that a homestead right, once established, continues for the survivor after the death of the husband or wife, even though the survivor lives alone. Since the homestead law has not been amended in the years following *Healy* and *Meidinger*, its interpretation in these decisions is presumed to be in accordance with legislative intent.

The homestead exemption having continued to exist in favor of the defendant after the death of Mrs. Hauge, all other issues raised on this appeal are immaterial.

The judgment of the district court is affirmed.

TEIGEN, C. J., and ERICKSTAD, PAULSON and KNUDSON, JJ., concur.