(58 N. W. Rep. 340.)

---

ROESLER & WHITE *vs.* F. W. TAYLOR.

Opinion filed March 3rd, 1894.

**Personal Property Exemptions—Statute Not Repealed by Constitution.**

> Section 208 of the constitution of North Dakota, which provides that "the right of the debtor to enjoy the comforts and necessaries of life shall be recognized by wholesome laws, exempting from forced sale to all heads of families a homestead, the value of which shall be limited and defined by law, and a reasonable amount of personal property; the kind and value shall be fixed by law,"—does not, in the absence of legislation thereunder, repeal or annul the pre-existing exemption laws, under which a partnership firm was entitled to claim one exemption of $1,500 out of the partnership assets.

Appeal from District Court, Ransom County; *Lauder*, J.

Action by Emil R. Roesler and Ralf E. White, partners, against F. W. Taylor, sheriff, for an injunction. Plaintiffs had judgment, and defendant appeals.

Affirmed.

*Ed. Pierce*, for appellant.
*Robert J. Mitchell*, for respondents.

BARTHOLOMEW, C. J. The respondents Roesler & White, were partners in business. A judgment was obtained against them, as such partners, upon a partnership debt, and execution was issued

thereon, and levied upon all of their partnership property; whereupon, they made a verified schedule of all their partnership property, which amounted in value to less than $1,500; and served the same upon the officer having the execution, and who is appellant herein, with notice that they claimed the property upon which he had levied, as their exemptions, and demanding its release. The officer refused to release, and respondents commenced an action against him, and procured an injunction restraining the sale of the property. From the order granting the injunction the officer appeals to this court, and it is agreed that the only question involved is whether or not a partnership as such, is entitled to any exemption, under the constitution and laws of this state. Sections 5126 to 5140, inclusive, of the Comp. Laws, which were in force in the late Territory of Dakota, allowed the debtor, whether the head of a family or not, to hold personal property to the amount of $1,500 exempt from sale on execution, upon complying with the requirements of the statutes, and also provided that a partnership firm could claim one exemption of $1,500 out of the partnership property. Such was the law at the time of the adoption of our constitution, which provided, in § 208 thereof as follows: "The right of the debtor to enjoy the comforts and necessaries of life shall be recognized by wholesome laws, exempting from forced sale to all heads of families a homestead, the value of which shall be limited and defined by law, and a reasonable amount of personal property; the kind and value shall be fixed by law. This section shall not be construed to prevent liens against the homestead for labor done and materials furnished in the improvement thereof, in such manner as may be prescribed by law." No subsequent legislation has been had, fixing or in any manner providing for, exemptions of personal property. Section 2 of the schedule of the constitution continued in force all existing laws of the Territory of Dakota not repugnant to the provisions of the constitution. Did the adoption of the constitution repeal, in effect, in whole or in part, the then existing exemption laws? This must be answered in the negative.

In *State* v. *Swan*, 1 N. D. 5; 44 N. W. 492, we had occasion to examine at length a similar question, and that case and the authorities there cited must control this. It it very clear that said § 208 of the constitution is not, of itself, an exemption law. Under it, alone no exemption could be enforced by any process known to the law, because it fixed no specific exemption, and exemptions, being unknown to the common law, can exist only by virtue of specific constitutional or statutory provision. If, then, that constitutional provision repealed the pre-existing exemption laws, the citizens of this state were left, from the time of the adoption of the constitution until such indefinite time in the future as some legislature might see proper to fulfill the moral obligation imposed by the constitution, without any exemption laws whatever. Our constitution makers never intended such results. Without passing upon the constitutional provision in any other particular whatever, it is clear to us that one of its purposes was to guarantee to every resident head of a family in this state an exemption of a homestead and certain personal property. Appellant's contention is that, by the terms of the guaranty, it deprives the citizen of the very benefit which it sought to confer upon him. The conclusion is entirely unwarranted. It may be true that the constitutional provision empowers or requires the legislature to enact a law repugnant to existing exemption laws. But the provision itself is not repugnant. Nor need we decide whether or not it would be competent for the legislature now to enact a law extending exemptions to others than heads of families. It is enough to know that the legislature, acting under the constitution, has not attempted so to do; and the constitutional provision itself is powerless to repeal the pre-existing laws, because it is without force or effect until supplemented by the legislative action, which it, in terms, requires. *Williams* v. *Mayor*, 2 Mich. 560, and *Goldman* v. *Clark*, 1 Nev. 610, cited in the Swan case, are particularly pertinent to this case. The order appealed from is affirmed. All concur.