(84 N. W. Rep. 574.)

---

MATHILDA C. ENGSTAD *vs.* GRAND FORKS COUNTY.

Opinion filed November 22, 1900.

**Taxation—Exemptions—Charitable Institutions.**

Section 1180, Rev. Codes 1899, provides what property shall be exempt from taxation; and subdivision 6 embraces the following language: "All buildings belonging to institutions of purely public charity, including public hospitals, together with the land actually occupied by such institutions, not leased or otherwise used with a view to profit," etc. Construing the language quoted it is *held* that real estate which is used exclusively for purposes of purely public charity, but which is not owned by an "institution," is not exempt from taxation.

**Private Ownership.**

*Held,* further, that real estate which belongs to but one individual, a natural person, cannot, under any circumstances, be entitled to exemption from taxation under the provisions of said subdivision of the statute.

**Constitutional Provision Not Self-executing.**

Section 176 of the state constitution contains the following language: "And the legislative assembly shall, by a general law, exempt from taxation property used exclusively for school, religious, cemetery, or charitable purposes." Construing the language quoted, *held*, that the same does not of its own force operate to exempt any property from taxation, nor does it purport so to do. The provision is not self-executing.

**Public Charitable Uses.**

*Held,* further, that subdivision 6 of said section 1180 of the statute is not repugnant to said constitutional provision, because the statute is narrower in its terms than the constitutional provision, or because it limits the exemption of real estate used for charitable purposes to such real estate as is devoted to purely public charitable uses, and then only to such as belong to an "institution."

Appeal from District Court, Grand Forks County; *Fisk*, J.

Action by Mathilda C. Engstad against the County of Grand Forks and others. Judgment for defendants, and plaintiff appeals. Affirmed.

*John A. Sorley* and *B. G. Skulason,* for appellant.

This action is brought for the purpose of setting aside and canceling the taxes for the year 1898 upon the St. Luke's Hospital, and the lot upon which the same is situated, on the ground that said property was exempt from taxation. Subd. 6, § 5, chapter 126, Laws 1897; § 176 Const. The fact of private ownership is not material, under the statute, in considering whether or not the property is exempt. The character of the use of the property being given the legislature has no choice but to exempt it. *Gerke* v. *Purcell,* 29 Ohio St. 229; *Sisters of Charity* v. *City of Detroit,* 9 Mich. 93. Words used in any statute are to be understood in their ordinary sense except when a contrary intention plainly appears. § 5106, Rev. Codes. Under the act "all buildings belonging to institutions of purely public charity, and all buildings belonging to public hospitals, shall be exempt." Putting it in another form, "all buildings belonging to institutions of purely public charity, and with such institutions are included public hospitals." Under this construction no regard need be had to the manner in which the title is held. Our statute is a copy of section 5, chapter 11, General Laws of Minnesota, 1878. Under this statute it has been held that the question of the use of the property, and whether the hospital was a public hospital determines the exemption and not the question of corporate or private ownership. *County of Hennepin* v. *Brotherhood of Gethsemane,* 8 N. W. Rep. 595. The fact that the hospital receives pecuniary compensation from its beneficiaries does not affect it as a public charity. *St. Joseph's Hospital Ass'n* v. *Ashland County,* 72 N. W. Rep. 43; *City of Philadelphia* v. *Woman's Christian Ass'n,* 17 Atl. Rep. 475; *County of Hennepin* v. *Brotherhood of Gethsemane,* 8 N. W. Rep. 595; 5 Am. & Eng. Enc. L. 897. The rule is that exemption from taxation is not lost by temporary suspicion of the charity. 12 Am. & Eng. Enc. L. 381.

*George A. Bangs* and *W. L. T. Goodison,* for respondents.

Exemptions are strictly construed. The presumption is, that the state has granted in express terms all it intended to grant at all. Cooley on Taxation, 205; 1 Destey on Taxation, 108; 25 Am. & Eng. Enc. L. 157. The word "institution" in the exempting statute is used to designate a corporation or other organized body instituted to administer the charity, and that the real estate described as belonging to such institution has reference to property owned by the institution. *Humphrey* v. *Little Sisters of the Poor,* 29 Ohio St. 201; *St. Monica Church* v. *New York,* 119 N. Y. 91, 23 N. E. Rep. 294; *Hegaray* v. *New York,* 13 N. Y. 220; *Nashville* v. *Ward,* (Tenn.) 16 Lea, 27; *State* v. *Ross,* 24 N. J. L. 497;

*Morris* v. *Lone Star Chapter No. 6,* 68 Tex. 698, 5 S. W. Rep. 519; *Dodge* v. *Williams,* 46 Wis. 100; *Nobles* v. *Hamline,* 46 Minn. 316, 48 N. W. Rep. 1119; *People* v. *Western Seamen Friends Society,* 87 Ill. 246. This suit cannot be maintained by the plaintiff because, since the institution of the suit, the property was sold to the Grand Forks Deaconess Hospital. Jurisdiction will be exercised by the court only in behalf of parties interested in the transaction or subject-matter of the proceeding which it is sought to enjoin, and one who has no personal interest in the matter is not entitled to relief. High on Injunctions, 1177; *Smith* v. *Brittenhan,* 109 Ill. 540.

WALLIN, J. The object of this action is to cancel taxes assessed in 1898 against a certain lot, and bulding thereon used as a hospital, and situated in the city of Grand Forks. Nearly all the facts, and all which we deem to be important, are uncontroverted. It is admitted that in the month of December, 1897, the plaintiff purchased the premises in question, and that the title thereto was conveyed to the plaintiff at that time; that the plaintiff continued to be the sole and individual owner of the property until the month of December, 1899, when she sold the same, and conveyed the title to the purchaser. It is further conceded that during the whole of the year 1898 the plaintiff alone, through an agent, who was her husband, carried on and administered the hospital situated on the premises, and that no other business was done on the premises. The plaintiff furnished and paid for the supplies for the hospital, and she alone bore the financial loss which resulted from operating the hospital during the year 1898. The only fact which seems to be disputed is whether the plaintiff did or did not carry on the hospital during the year in question for charitable purposes and none other. Plaintiff's contention is that she carried on the hospital exclusively for charitable purposes, and that she had no intention to derive any individual emoluments from the hospital, and that she did not in fact do so. She further contends that said hospital, during her administration thereof, was a purely public charity. For the purposes of the case, we shall accept the plaintiff's theory of the facts as above stated, and this will call for a solution of the question— one of pure law—whether any law exempts from taxation a hospital, and the land upon which it is erected, when the same is conducted solely by one individual, who owns the same, and who operates it for public charity exclusively.

It it elementary in the law of taxation that all property situated within the boundaries of a state is subject to taxation by the sovereign authority, and that a party who claims that particular property is exempt from taxation has the burden of pointing out the law which exempts the same. It is also well settled that laws which exempt property from taxation will receive a strict construction. It is the plaintiff's contention that the property is exempt from taxation by the terms of section 1180 of the Revised Codes of 1899. Said

section declares that certain property enumerated therein shall be exempt from taxation, and subdivision 6 of the section, upon which plaintiff relies, reads as follows: "All buildings belonging to institutions of purely public charity, including public hospitals, together with the land actually occupied by such institutions, shall be exempt." A careful reading of subdivision 6, in our opinion, plainly shows that the legislature did not intend, in enacting this subdivision, to exempt any and all real property which is or may be used exclusively for charitable purposes. It is evident from the language employed that the lawmakers intended to carefully discriminate as between charities, and to exempt from taxation only such as are (1) of a public character, and (2) such as belong to "institutions of purely public charity." Applying the provisions of subdivision 6 to the conceded facts of this case, it at once becomes apparent that the property involved is not exempt under subdivision 6. Concede that the property was used exclusively for charitable purposes, and, further, that the charity was purely a "public charity," still it is not exempt under the statute, for the reason that during the time in question the property belonged to, and was operated by, the plaintiff as an individual, and did not belong to any "institution" whatsoever. It is not the province of the courts to comment upon the wisdom or expediency of statutory provisions, and hence we are not called upon to say whether the limiting and qualifying clauses of subdivision 6, to which we have called attention, are wise or unwise in their policy. It is enough to say that the language of the subdivision is plain and unambiguous in its meaning. The building and land of the plaintiff are not exempt for the reason that the same do not belong to any "institution." It will be conceded that an individual or natural person cannot, under any definition of the term "institution," be described as an "institution." Hence property owned by one individual cannot, within the meaning of the statute, be property "belonging to an institution."

But, apparently in anticipation of the construction which we have here placed upon subdivision 6, counsel for the appellant takes the position in their brief that such a construction would render subdivision 6 unconstitutional, under the provision of a clause found in section 176 of the state constitution, which reads as follows: "And the legislature shall by a general law exempt from taxation property used exclusively for school, religious, cemetery or charitable purposes." The argument of counsel is that, under the broad terms of the constitution, the legislature is required to exempt all property used "exclusively" for "charitable purposes," and that the limitations found in subdivision 6 of the statute are wholly absent from the language employed in the organic law of the state. This may be conceded without proving that the plaintiff's property is exempt from taxation either under the provisions of the constitution or those of the statute; nor does this conclusion, in our judgment, require us to rule that the statute in question is unconstitutional. The constitution does not, in the clause we have

quoted, purport to exempt any property from taxation. On the contrary, the clause under consideration lays a command upon the legislative assembly, and requires that body, by general law, to exempt certain property from taxation, among which is property used exclusively for charitable purposes. This clause, therefore, is clearly not self-executing. Its very terms look forward to and require ulterior action upon the part of the lawmaking branch of the government. In commenting upon similar constitutional provisions, Judge Cooley in his treatise says: "Sometimes the constitution in terms requires the legislature to enact laws on a particular subject, and here it is obvious that the requirement has only a moral force. The legislature ought to obey it, but the right intended to be given is only assured when the legislation is voluntarily enacted." See Cooley, Const. Lim. (5th Ed.) p. 99. This rule of construction has been applied by this court. See *State* v. *Swan,* 1 N. D. 5, 44 N. W. Rep. 492; *Roesler* v. *Taylor,* 3 N. D. 546, 58 N. W. Rep. 342. It is sometimes difficult to determine whether a given constitutional provision is or is not intended to be self-executing, but no such difficulty will be encountered in the construction of the section under consideration. Clauses are found in this section which are obviously self-executing, while others are clearly not so. For example, the language of the constitution is direct and imperative when reference is made to property owned by the state or a county. The instrument declares that such property "shall be exempt from taxation." On the other hand, as we have already pointed out, the constitution has commanded the legislature to enact a general law exempting certain other property from taxation, among which is that devoted exclusively to charitable uses.

It may possibly have been the legislative purpose, in enacting the general exemption law embraced in section 1180, supra, to fully comply with this constitutional mandate; but we are not at liberty to indulge in mere conjecture as to what was intended. Our duty is to fairly construe the language actually employed by the legislature, and from it determine the legislative intent. In doing so, we reach the conclusion, as has been seen, that the legislature did not intend to go as far as the language of the constitution required it to go. The legislature, by its language, has not exempted from taxation any and all property devoted exclusively to charitable uses, but has, on the contrary, only exempted so much thereof as belongs to "institutions" which dispense public charity. But, in exempting only a part of the property which is or may be devoted to charitable uses, there has been no violation of any inhibition found in the organic law. The constitution required the legislature to exempt what is has exempted; but the lawmaking body has not perhaps gone to the full extent required by the very broad terms employed in the clause we have quoted from section 176 of the state constitution. It is certainly clear to our minds that, notwithstanding the fact that the legislative branch has not seen fit to execute the constitutional mandate to the full measure intended, such

omission cannot operate to annul a statute which does execute the mandate, but only in part. Besides, if the statute is unconstitutional, it is obvious that no exemption can be claimed under it. Our conclusion is that the property described in the complaint was not exempt from taxation during the year 1898. The judgment below must be affirmed. All the judges concurring.