# THE FARMERS' BANK OF MERCER COUNTY v. KNIFE RIVER LUMBER & GRAIN COMPANY.

### (163 N. W. 1053.)

**Homestead — exemption — judgment — execution.**

1. The homestead as defined in extent and value by § 5605, Compiled Laws of 1913, is exempt from judgment lien, execution, or forced sale except as provided in chapter 51. The defendant in this case is not within any of the exceptions provided in chapter 51.

**Homestead — lien — redemption — husband and wife — mortgage by — default — foreclosure and sale — judgment creditor — cannot redeem — judgment not a lien — certificate of redemption — deed on — null and void.**

2. Where the husband and wife were living and residing upon the homestead at the time they gave a valid mortgage, and were also living upon the homestead as such at the time a judgment was entered against them, and default was later made in the mortgage, and the same was foreclosed, and the husband and wife continued to reside upon such land throughout the period allowed by law for redemption from the sale by reason of the foreclosure of such mortgage, *held* that the judgment creditor could not make redemption from such foreclosure sale, for the reason that his judgment was no lien upon the homestead, and, having no lien against such land, by reason of such judgment, he was not a redemptioner and not entitled to redeem, and a certificate of sale and sheriff's deed issued to such judgment creditor in an attempted redemption were null and void, and of no force and effect.

**Homestead — selection — declaration — necessity for — extent and value.**

3. Where the extent and value of the homestead does not exceed that fixed by law, there is no necessity for selection or declaration of homestead exemption.

Opinion filed July 9, 1917. Rehearing denied August 1, 1917.

Appeal from the District Court of Mercer County, *W. L. Nuessle,* Presiding Judge.

Affirmed.

*Oliver Leverson* (*Langer & Nuchols,* of counsel), for defendant.

*Thorstein Hyland,* for plaintiff.

GRACE, J. The action is one brought for the purpose of quieting title to the northeast quarter of section 14, township 145, range 89, Mercer

county, North Dakota. The complaint in the action alleges that plaintiff and defendant are both corporations organized and existing under the laws of North Dakota. The complaint also alleges that on the 19th day of December, 1912, Christian Weigum and Lydia Weigum were the owners and in possession of the land under consideration in this action, and on said date executed and delivered to the plaintiff, the Farmers' Bank of Mercer County, a mortgage to secure the payment of one note for $326.40, said mortgage containing a power of sale, and describing the land hereinbefore mentioned. The complaint further alleges a default in the conditions of said mortgage; the foreclosure of the same by advertisement in the manner prescribed by law; the sale of the premises pursuant to such foreclosure to the Farmers' Bank of Mercer County for $388.59, and the issuing to such purchaser of a sheriff's certificate of sale of said land on the 14th day of April, 1914. The complaint makes further allegation that the land in question has at all times been the homestead of the mortgagors, and that they have at all times occupied the same, and at the time of the bringing of this action occupied the same, and alleges that they were the owners of no other land. The complaint further sets up the recovery of a judgment by confession by the Knife River Lumber & Grain Company against Christian Weigum, said judgment being dated December 12, 1914, and docketed in Mercer county in the office of the clerk of the court, on the 12th day of December, 1914, for $283.26; and further alleges that the Knife River Lumber & Grain Company had attempted to make a redemption from the mortgage so foreclosed, basing its right to make such redemption upon the judgment before mentioned. The complaint concludes with the regular and ordinary prayer usually attached to a statutory action to quiet title to real property.

The defendant demurred to the complaint of the plaintiff, which demurrer was overruled, after which the defendant interposed its answer, among other things alleging ownership of the land in question, and basing its claim of ownership and title to said land upon the grounds that the defendant had recovered by confession a judgment against Christian Weigum on the 12th day of December, 1914, and claiming such judgment to be a lien upon the land in question, made redemption from the foreclosure sale of such mortgage by paying the sum of $435.22 into the hands of the sheriff of Mercer county, North

Dakota, with which to make such redemption, and to pay the plaintiff the amount for which such land was sold at foreclosure sale. That the sheriff admitted service of notice of redemption, and acknowledged receipt of the full amount of redemption money in favor of the plaintiff, and issued a sheriff's certificate of redemption to the defendant, which was duly filed for record in the office of the register of deeds of Mercer county on the 5th day of April, 1915, at 1 : 15 o'clock P. M., which was duly recorded. The answer further shows that on the 22d day of April, 1915, the sheriff of Mercer county, North Dakota, executed and delivered to the defendant a sheriff's deed covering and describing the property in question, said sheriff's deed being based upon the sheriff's certificate dated April 11, 1914, in the foreclosure of the mortgage made by Christian Weigum and Lydia Weigum to the plaintiff. The answer further alleges that on the 1st day of April, 1915, Christian Weigum and Lydia Weigum, his wife, had leased said land from the defendant, and denies that they claim any homestead right in said premises or any part thereof. The defendant denies that plaintiff has succeeded to the homestead right of Christian Weigum and Lydia Weigum. Defendant further denies that plaintiff has any right, interest, or title in and to said land ,or any part thereof. That since the 1st day of April, 1915, Christian Weigum and Lydia Weigum have been and still are the tenants of the defendant under contract, and have voluntarily paid the defendant its share of the crops for the use of the said premises. The answer concludes with an appropriate prayer asking, among other things, that the title of defendant be decreed superior to that of plaintiff; that plaintiff be forever barred and enjoined from asserting any right to the property described in the answer, being the property in dispute in this action.

The facts in the case are substantially as follows:

On September 19, 1912, Christian Weigum and Lydia Weigum, his wife, were the owners of and lived upon the northeast quarter of section 14, township 145, range 89, Mercer county, North Dakota, upon which they jointly executed and delivered a mortgage of $326.40 to the Farmers' Bank of Mercer County, which mortgage contained a power of sale. Default was made in the conditions of the mortgage, the same was foreclosed, the property therein described sold at a sheriff's sale, and a sheriff's certificate of sale issued to the Farmers' Bank of Mercer

County dated April 11, 1914, which was the date of the sale. Such certificate was duly filed for record in the office of the register of deeds of Mercer county, North Dakota, on the 11th day of April, 1914. On December 12, 1914, the Knife River Lumber & Grain Company obtained a judgment by confession against Christian Weigum for $283.-25, which was docketed in the office of the clerk of the court of Mercer county, North Dakota. On April 3, 1915, the defendant, Knife River Lumber & Grain Company, claimed to be redemptioner by reason of the said judgment, attempted to redeem from the said mortgage foreclosure, and served upon the sheriff of Mercer county its notice of redemption, affidavit for redemption, and a certified copy of the judgment, and paid the sheriff the amount due the holder of the sheriff's certificate, the Farmers' Bank of Mercer County. All of the redemption papers were recorded in the office of the register of deeds of Mercer county, but not filed in the office of the register of deeds. The sheriff of Mercer county forwarded the redemption money to the Farmers' Bank of Mercer county, which immediately returned said redemption money to the sheriff, and refused to recognize the defendant, the Knife River Lumber & Grain Company, as redemptioner, and refused to recognize the proceedings by the defendant in making such redemption. The mortgagors, the Weigums, lived upon the land at the time the mortgage was given and during all the time of the redemption period. The value of the said land did not exceed $5,000, and is not over 160 acres in extent, and is not within a town plat.

There are several questions presented in this appeal, all of which become immaterial and without any force or effect in this case upon the decision of one main question. That question is, Was the judgment obtained by the defendant against the Weigums ever a lien upon the land in question? It is conceded that the land was the homestead of the Weigums at the time of the execution of the mortgage, and that it remained their homestead during all the time while the mortgage was being foreclosed and during the whole of the year of redemption, and as such homestead it was exempt from any lien by way of judgment; that is, the judgment taken against the Weigums would not be a lien against their homestead, the land in question. So long as they continued to reside upon said homestead it was their homestead, and a judgment taken against them or either of them could not become a lien against

said land while so occupied. Section 5605, Compiled Laws of 1913, defines the extent and value of a homestead and specifically sets forth that such homestead shall be exempt from judgment lien and from execution or forced sale, except as provided in chapter 51. The defendant is not within any of the exceptions provided in chapter 51. Not only is the homestead exempt from the execution process or from lien of judgment, but the proceeds thereof, with few exceptions, are absolutely exempt from seizure by creditors except as specified in the statute. Dieter v. Fraine, 20 N. D. 484, 128 N. W. 684. The homestead is not bound by lien of judgments against the owner. Dalrymple v. Security Improv. Co. 11 N. D. 65, 88 N. W. 1033. It therefore appears conclusively that a judgment is not a lien against a homestead. The testimony shows that the Weigums lived upon the land at the time of the execution of the mortgage, during its foreclosure, at the time the sheriff's certificate was issued, and during the entire period allowed by law for redemption; and where the extent and value of the homestead does not exceed that fixed by law, there is no necessity for selection or declaration of homestead. Peake v. Cameron, 102 Mo. 568, 15 S. W. 70; Davis v. Day, 56 Ark. 156, 19 S. W. 502; Comp. Laws 1913, § 5621. It appears, therefore, that the judgment which the defendant procured against Christian Weigum was not, nor ever did become, a lien upon such land; the same being a homestead and exempted from a lien of judgment. If the judgment never became a lien, which we held it did not on account of the homestead character of the land, the defendant had no right of redemption; for before one can become a redemptioner, whether by mortgage, judgment, or otherwise, he must have a lien upon the land to be redeemed before the right of redemption accrues to him. Section 8085, Compiled Laws of 1913, provides who are redemptioners. Subdivision 1 of such section provides: "The mortgagor or his successor in interest in the whole or any part of the property" may redeem. Subdivision 2 of said section provides: "A creditor having a lien by judgment or mortgage on the property sold or on some share or part thereof subsequent to that on which the property was sold," is a redemptioner. The judgment of the defendant never having become a lien upon the land in question, it had no right of redemption, and all its acts performed in seeking to make such redemption were of no effect and were without avail; and the certificate of

sale of such land issued to it by the sheriff, and the subsequent sheriff's deed issued to it by reason of such sheriff's certificate of sale, were each and all absolutely null and void, and of no legal force or effect. This being true, it is unnecessary to consider any of the other assignments of error, and, exclusive of the principal legal proposition which we have decided, all other questions raised in the appeal so far as this case is concerned are immaterial. The judgment of the District Court is in all things affirmed, with costs.

ROBINSON, J. (dissenting). In this case the equities are all against the bankers. In September, 1912, to secure $326, they took a mortgage on 160 acres of land in Mercer county, a quarter section worth $4,000. The mortgage was promptly foreclosed; the land was bid in by the bank for $388.59. That was April 11, 1914. Then, on September 12, 1914, the mortgagors confessed a judgment to the lumber company for $285.25, for lumber and material furnished them to improve the land. For this the lumber company had an equitable lien. The purpose of confessing judgment must have been to give the lumber company a right to redeem for the benefit of the mortgagors. On April 3, 1915, the company redeemed from the mortgage sale, paying to the sheriff of Mercer county $435.22. The sheriff accepted the same and made to the company a redemption certificate and a deed of the mortgaged land. The result was a discharge of the mortgage debt and the judgment, and the lumber company took title as trustee for the mortgagors, who continue in possession of the land. It claims only to hold as trustee for the security of the redemption money and the judgment, and this court would not approve or allow any other claim. But it seems the bankers refused to accept the redemption money and bring this suit to obtain title to the land. They want the land for about 10 or 12 per cent of its value. They insist that the lumber company had no right to redeem, because the land was a homestead, and not subject to the lien of a hostile judgment; and because the lumber company did not produce to the sheriff a certified copy of the docket entry of the judgment; and did not cause the register of deeds to retain and hold in his office the redemption notice. The company did produce to the sheriff and put on record a proper redemption notice, and did produce to the sheriff a certified copy of the judgment, and the sheriff had a

perfect right to waive, and did waive, little niceties and regulations for his own convenience. He had a perfect right to accept a certified copy of the judgment of·the district court of Mercer county in lieu of a certified copy of the docket entry, which is always made at the time of entering the judgment.

The purpose of the redemption statute is to give proper notice to the sheriff and to subsequent redemptioners. It is not to give a mortgagee a chance to exact his pound of flesh; he has no right to demand more· than his money. Is it possible that any Christian banker would take the homestead land for 10 or 12 per cent of its value? Is it possible that this court would allow the poor mortgagors to lose their homestead for even the mortgage and the judgment? No; not at all. The purpose of confessing judgment must have been to secure the lumber company and to give it a right to redeem for the benefit of the mortgagors, and of course it must hold the title as trustee for the mortgagors, and release and reconvey the same on being paid the judgment and the redemption money. The laws are made to secure honesty and fairness, and not to· aid in robbing men of their property. The judgment should be reversed.