ELIADA BIRKS and Marie Birks, Respondents, v. THE GLOBE INTERNATIONAL PROTECTIVE BUREAU, a Corporation, Appellant.

(218 N. W. 864.)

**Quieting title — owner of homestead may sue to determine adverse claims.**

1. The owner of land occupied and claimed to be exempt as a homestead may maintain an action to determine adverse claims and quiet title as against a judgment which, though a cloud on the title, is unenforceable against the premises because of their homestead character.

**Quieting title — homestead owners' complaint to quiet title held not demurrable.**

2. The fact that the complaint in such action, in addition to the averments required by the statute, contains allegations as regards the source of plaintiffs' title, and a description of the particular judgment owned by defendant and appearing as a cloud on plaintiffs' title and the alleged reasons why the apparent lien of such judgment is null and void as against the premises does not render the complaint demurrable.

**Quieting title — homestead owner need not establish that judgment creditor asserts lien against homestead.**

3. In such action plaintiff is not required to establish that such judgment creditor in fact asserts a lien under the judgment upon the property constituting a homestead; a cause of action is established by showing plaintiffs' title, the homestead right, and the existence of such judgment.

**Homestead — use of land determines whether it may be claimed as a homestead.**

4. The use to which real property is put furnishes the primary test in determining whether or not it is subject to a homestead right and may be claimed exempt as such. If the premises are used solely or principally as a home they may be claimed exempt as a homestead, within the limitations as to extent and value, prescribed by law.

---

Note.—(4) On nature and use of property as determining right to exemption under homestead laws, see annotation in 41 L.R.A.(N.S.) 89; 13 R. C. L. 595; 3 R. C. L. Supp. 65.

(5) Notice of title to homestead from possession by husband and wife, see annotation in 13 L.R.A.(N.S.) 129; 13 R. C. L. 570.

(7) On right to select homestead from wife's separate property, see 13 R. C. L. 568; 4 R. C. L. Supp. 824.

**Homestead — failure to execute and file declaration of homestead does not impair homestead right.**

5. Where premises are occupied by the husband and wife and their children as a family home so as to constitute the same in fact the family homestead, the homestead right exists by operation of law and a failure to execute and file a declaration of homestead in no manner impairs the right.

**Homestead — when premises are presumed to be homestead.**

6. Where the premises occupied as a homestead do not exceed in extent and value the homestead as limited by the law, it is presumed that the premises so occupied are the family homestead and exempt as such.

**Homestead — consent of wife to selection of homestead from her separate property may be evidenced by acts as well as words.**

7. If a homestead claimant is married, the homestead may not be selected from the separate property of the wife except with her consent (Comp. Laws 1913, § 5606); but such consent may be evidenced by acts as well as by words. And where certain premises belonging to the wife have been and are being occupied by her, her husband and children as the family home so as to impress them with the character of a homestead, the consent of the wife that her separate property may be selected as a homestead has been established.

**Homestead — in selecting homestead, wife's land will not be considered part of husband's tracts of land adjoining.**

8. Where an eighty acre tract of land of the value of $4,500.00 belonging to the wife has been occupied as a family home for a number of years and such tract is the only real estate belonging to the wife, although her husband owns two adjoining tracts containing two hundred forty acres, the eighty acre tract is a separate property and will not be deemed a part of a larger tract within the rule of Foogman v. Patterson, 9 N. D. 254, 83 N. W. 15.

**Homestead — owners of homestead may sell and convey it.**

9. The owner of property exempt as a homestead may sell and convey the same; and where such premises are sold and conveyed in the manner provided by law the exempt character runs with the transfer, and the title conveyed to the purchaser is free and clear of the lien of a judgment which was unenforcible against the premises, because of their homestead character, while they were owned and occupied by the homestead claimant.

Opinion filed March 30, 1928.

Homesteads, 29 C. J. § 53 p. 806 n. 65; § 65 p. 812 n. 53, 54; § 66 p. 812 n. 61; § 68 p. 813 n. 75; § 88 p. 820 n. 46; § 181 p. 852 n. 52; § 253 p. 883 n. 98; § 325 p. 920 n. 44. Pleading, 31 Cyc. p. 69 n. 78. Quieting Title, 32 Cyc. p. 1324 n. 29; p. 1353 n. 44.

From a judgment of the District Court of Stutsman County, *Coffey,* J., defendant appeals.

Affirmed.

*William Maloney,* for appellant.

"The homestead characteristics can be impressed upon the wife's separate property only with her consent." Bremseth v. Olson, 16 N. D. 242, 112 N. W. 1056.

Ordinarily, a wife living with her husband and children is not considered the head of the family for the purpose of declaring a homestead even in her separate property. Wike v. Garner, 70 Am. St. Rep. 102; Miller v. Finegan, 6 L.R.A. 813; Jetton Lumber Co. v. Hall, 51 L.R.A. (N.S.) 1121.

A selection is, however, necessary where a debtor owns property in excess of the amount allowed by law as exempt. Sparks v. Day, 61 Ark. 570, 33 S. W. 1073.

Party owning more than one quarter section of land may select homestead. Foogman v. Patterson, 9 N. D. 254, 83 N. W. 15.

Where a selection is necessary in order to identify the homestead then the selection must be made, or the homestead right is waived. That rests solely with the debtor and his family. Ibid.

*Knauf & Knauf,* for respondents.

CHRISTIANSON, J. This is an action to determine adverse claims to an eighty acre tract of land in Stutsman county. The plaintiffs claim to be the absolute owners in fee by virtue of a warranty deed from Frank Squire and Anna Squire, executed and delivered on or about March 15, 1927. The defendant admits that plaintiffs are the owners of the land, but asserts that defendant has a lien thereon by virtue of a judgment for $328.50 entered in the district court of Cass county, North Dakota, November 29, 1926 and transcripted to and docketed in the office of the clerk of the district court of Stutsman county on November 30, 1926. The plaintiffs admit the rendition and docketing of the judgment but claim, that it is not a lien upon the premises for the reason that at the time of the rendition of the judgment and for a long period of time prior thereto and up to the time of the sale and conveyance thereof to the plaintiffs, the premises were the homestead of said Frank Squire and Anna Squire and that consequently said judgment

did not and does not constitute a lien upon the premises. The trial resulted in a judgment quieting title in the plaintiffs, and decreeing that the said defendant has no right, title or interest in or to said land or lien thereon. The defendant has appealed from the judgment.

The complaint contains all the usual averments in a statutory action to determine claims. Comp. Laws 1913, § 8147. It further alleges that the plaintiff on or about March 15, 1927 acquired title to the premises described in the complaint by purchase from Frank Squire and Anna Squire; that at the said time and for some years prior thereto, the said Frank Squire and Anna Squire, husband and wife, actually lived upon and occupied said premises as a home, and that the same constituted their homestead, and as such was absolutely exempt from any judgment, lien or levy, was so at the time of purchase by the plaintiffs and has been so ever since. The complaint further alleges that the defendant appears to have a judgment against the said Frank Squire and Anna Squire dated November 29, 1926 and docketed in the office of the clerk of the district court in Stutsman county on November 30, 1926; and that such judgment appears as a cloud upon plaintiffs' title. The defendant demurred to the complaint on the grounds: (1) That the plaintiff has no legal capacity to sue; (2) that there is a defect of parties plaintiff; and (3) that the complaint does not state facts sufficient to constitute a cause of action.

The demurrer was overruled with leave to answer. The defendant interposed an answer wherein it admitted the existence of the judgment but denied that the land described in the complaint constituted a homestead as limited and defined by law, or had ever been selected as such. The answer further averred that the action was premature; that said Frank Squire and Anna Squire, at the time of the alleged sale of the premises in controversy, were, and for a long time prior thereto had been, the record owners of two hundred and forty acres of land adjacent to the eighty acres in controversy, making in all a compact tract of three hundred and twenty acres, and exceeding in value $16,000. The action was tried upon the issues framed by these pleadings.

The trial court found that on "March 15th, 1927 and for fifteen years prior thereto Anna Squire and Frank Squire, wife and husband, together with their children have lived upon and occupied the follow-

ing described land situated in the county of Stutsman in the state of North Dakota, to-wit:

The west half (W½) of the southwest quarter (SW¼) of section twenty-six (26), township one hundred forty (140), range sixty-two (62), containing eighty (80) acres more or less according to the United States Government survey thereof

and that on said March 15, 1927 and at all times since December 5, 1924 the said Anna Squire was the owner and the record title owner and the legal owner of said land, and that the same was occupied by her and the said Frank Squire at all times from said date and for more than fifteen years last past as their home. That on the 15th day of March, 1927 the said Anna Squire and Frank Squire, her husband, who were then living on and occupying the said land as their home and homestead, sold said land to the plaintiffs, and that the plaintiffs then and there became the owners thereof by purchase of said land, and that said Anna Squire and Frank Squire continued to occupy the same until the said plaintiffs moved in the said premises on or about the 18th day of March, 1927 and that as plaintiffs furniture and possessions were moved into the house and dwelling place, the said Anna Squire and Frank Squire removed their household goods from the same. That the same at said time of sale actually constituted the home and homestead of said Anna Squire and Frank Squire, and that the same was their homestead, was actually sold and deeded to said plaintiffs by warranty deed dated March 15, 1927, which deed was recorded on or about the 16th day of March, 1927 in the office of the register of deeds in and for Stutsman county, North Dakota, and that the plaintiffs thereupon became the owners of said land by deed of purchase.  .  .  .

That said land was at the time of the purchase by the said plaintiffs of the reasonable and fair value of four thousand and five hundred and 00/100 ($4,500.00) dollars, which however was subject to a mortgage in the sum of sixteen hundred and 00/100 ($1,600.00) dollars to the Bank of North Dakota, which has been assigned to the state treasurer of North Dakota and upon which there was more than the sum of fifteen hundred and 00/100 ($1,500.00) dollars still due, and that such mortgage in the purchase of said land was assumed by the said plaintiffs as a part of the purchase price thereof, so that the equity and estate in favor of the said Anna Squire and Frank Squire was of the actual

reasonable value of approximately three thousand and 00/100 ($3,000.00) dollars, and not in excess thereof. . . ." These findings are in accord with the undisputed evidence.

The undisputed evidence further shows that the warranty deed executed and delivered by Anna Squire and Frank Squire to the plaintiffs in this action contained the following recital: "This land has been lived upon and occupied by the parties of the first part as their home and homestead for the past fifteen years or more and is so occupied and held at the time of giving of this deed." The undisputed evidence was, also, to the effect that the eighty acre tract in suit was the only land owned by Anna Squire. There was, however, evidence to the effect that her husband, Frank Squire, owned a 160 acre tract adjoining it on the north and an 80 acre tract adjoining it on the west.

The contentions of the appellant are:

(1) That the complaint fails to state facts sufficient to constitute a cause of action in favor of the plaintiffs.

(2) That the premises in question were not the homestead of Anna Squire and Frank Squire, and, hence, are not exempt from the lien of defendant's judgment for the reasons:

(a) That no declaration of homestead had been filed;

(b) That the premises being the property of Anna Squire could not be selected as a homestead without her express consent;

(c) That the 80 acre tract was a part of a 320 acre tract and that consequently it was essential that the parties select a portion of such tract by filing of a declaration of homestead.

(3) That in any event the trial court erred in permanently enjoining the judgment creditor from enforcing the judgment as a lien against the premises. These contentions will be considered in the order stated.

(1) The contention that the complaint fails to state a cause of action in favor of the plaintiffs is so obviously without merit as to require no extended discussion. The complaint contains all the averments prescribed by law in a statutory action to determine adverse claims. Comp. Laws 1913, § 8147. The fact that the complaint further contains certain averments as regards the source of plaintiffs' title and a description of the particular lien claimed by the defendant, and appearing as a cloud upon plaintiffs' title, and the alleged reasons why such lien is null and void as against the plaintiffs' title, does not render the com-

plaint demurrable. Blakemore v. Roberts, 12 N. D. 394, 96 N. W. 1029; Sexton v. Sutherland, 37 N. D. 500, 164 N. W. 278. That an owner of lands may maintain an action to determine adverse claims and quiet the title as against judgments which, though a cloud on the title, are unenforceable against the premises because of their homestead character is the settled law in this state. Klemmens v. First Nat. Bank, 22 N. D. 304, 133 N. W. 1044; Sexton v. Sutherland, 37 N. D. 500, 164 N. W. 278; Farmers' Bank v. Knife River Lumber & Grain Co. 37 N. D. 371, 163 N. W. 1053. See also Dieter v. Fraine, 20 N. D. 484, 128 N. W. 684; Meidinger v. Security State Bank, 55 N. D. 301, 213 N. W. 850.

In such action it is not an essential prerequisite to plaintiffs' recovery that he prove that the defendant, in fact, asserts some estate, or interest in, or lien or incumbrance upon, the real property in controversy. Plaintiff's cause of action is established by showing plaintiff's title, the homestead right and the existence of the judgment. Klemmens v. First Nat. Bank, supra.

(2) The right to have and claim a homestead exemption has been recognized and safe-guarded by constitutional and statutory provisions throughout the entire history of the state. Const. N. D. § 208; Comp. Laws 1913, §§ 5605, 7730. See also Roesler v. Taylor, 3 N. D. 546, 58 N. W. 342. While the homestead exemption is declared to be claimable by the head of the family, this right is not vested in him as an individual, but in a representative capacity. Dieter v. Fraine, 20 N. D. 484, 490, 128 N. W. 684. "The right is extended to the family in its entirety, and not to the individual who for the time being stands at its head. This purpose is indicated not only by the general policy of the law, but by the fact that the husband, though the nominal head of the family, is prohibited from encumbrancing this right, by his individual act." Ibid. The object sought to be accomplished by the adoption of the constitutional provision and the enactment of statutes in furtherance thereof, "was to protect and preserve the home, not for the benefit of the head of the family, but for the benefit of the family as a whole. . . . It was the protection of the family which was the purpose in view, and, this being true, it is the duty of the courts, in construing said provisions, to give effect to such plain intent." Bremseth v. Olson, 16 N. D. 242, 13 L.R.A.(N.S.)

170, 112 N. W. 1056, 14 Ann. Cas. 1155.  The husband cannot waive or forfeit the homestead rights of his wife.  Schaf v. Corey, 50 N. D. 432, 196 N. W. 502.  The homestead referred to in the constitution and the statutes enacted in furtherance thereof "means the real property in or upon which the home is located and which is devoted to a use appropriate and usual to a home place."  The legislature has limited the homestead both in area and value.  Comp. Laws 1913, § 5605; Calmer v. Calmer, 15 N. D. 120, 125, 106 N. W. 684.

It is the use to which the property is put, which furnishes the test in determining whether or not property is subject to dedication as a homestead, that is, whether it is a homestead in fact.  Its use must be primarily as a home for the family.  13 Cal. Jur. p. 465, § 38.  Unless it is used, or intended for use, as a home no right of homestead exists. Thompson, Homesteads & Exemptions, § 102; Calmer v. Calmer, supra; Tromsdahl v. Nass, 27 N. D. 441, 52 L.R.A.(N.S.) 746, 146 N. W. 719.  On the other hand, if it is used solely or principally as a home for the family it is, at least prima facie, a homestead, and may be claimed exempt as such.  The right to claim the premises as a homestead comes into existence by operation of law, contemporaneously with the occupancy and use of the premises as a home, and not as a result of any formal declaration or proclamation of a homestead claim.  Commercial Sav. Bank v. McLaughlin, 203 Iowa, 368, 214 N. W. 544; 29 C. J. p. 812.  While our statutes permit the husband or other head of the family to make and file a declaration of homestead (Comp. Laws, 1913, §§ 5621, 5622), they also declare that "a failure to make such declaration shall not impair the homestead right."  § 5621 supra.  The homestead right depends upon the existing facts; if the facts are such as to create the homestead right, the right may be claimed and the homestead is exempt.  If, on the other hand, the facts do not create a homestead, the filing of a homestead declaration will not create one.  As was said by this court in Rosholt v. Mehus, 3 N. D. 513, 515, 516, 23 L.R.A. 239, 57 N. W. 783:

"Respondent's homestead right existed at the date of the rendition of the decree of divorce, but it so existed by virtue of the fact that she was a member of the family of Torkel Mehus, who with his family, had established his home and their home thereon, and whose occupancy had been continuous.  Her rights were in no manner strengthened by the

fact that she attempted to place a declaration of homestead on record. Such declaration does not create homestead rights. . . . In this state, when the head of a family owns land in excess of the amount allowed by law for a homestead, and the land is in one body, and the family resides thereon, the homestead may be selected in any form that may be desired up to the quantity allowed by law as a homestead. Recording a declaration of homestead gives notice to all purchasers, and all parties dealing with or extending credit to the owner, of the exact land claimed as a homestead. This, we think, is the main, and perhaps exclusive, reason for the provision, because a failure to make and file the declaration does not render the homestead liable in execution." See also Foogman v. Patterson, 9 N. D. 254, 260, 83 N. W. 15.

This language and reasoning is directly applicable here. The evidence in this case shows beyond question that the eighty acre tract in controversy had been the family home of Frank and Anna Squire and their children for some fifteen years immediately preceding the rendition of the judgment, and that it continued to be such home until it was sold and conveyed to the plaintiffs. The evidence further shows that such home did not exceed in area or value the limits of a homestead as fixed by the laws of this state. In such case the law presumes that the premises have been selected and are claimed to be exempt as a homestead. 29 C. J. p. 812; Foogman v. Patterson, 9 N. D. 254, 261, 83 N. D. 15; Beecher v. Baldy, 7 Mich. 488, 503–506.

(3) A homestead right is not defeated because the title to the property is in the wife. Section 5606, Comp. Laws 1913, provides:

"If the homestead claimant is married, the homestead may be selected from the separate property of the husband, or with the consent of the wife, from her separate property."

This statutory provision is for the benefit of the wife. Under it, the husband may not, without the consent of the wife, select her separate property as the family homestead. But there is no requirement that the wife's consent be manifested in any particular mode. The selection of a family homestead is generally evidenced by the acts of the parties. Ownership, occupancy and use may be, and frequently are unmistakable evidence of selection and this is especially true when the property is within the extent and value limited by law for a homestead. 29 C. J. p. 812. And where a place owned by either the husband or

wife, or by both, has been occupied and used by them as the family home for a long period of time, and has become distinctly impressed with the character of a family homestead, the selection has been made. In such case the consent of the wife has been given; and after the homestead has been so selected and established she has no more right to waive or forfeit the homestead rights of her spouse and family than has the husband to waive or forfeit similar rights in real property belonging to him. If the premises are in fact the family home, that is, the homestead of the husband and wife, the exemption may be claimed by either and the homestead right may neither be waived nor forfeited by the other. Helgebye v. Dammen, 13 N. D. 167, 100 N. W. 245; Bremseth v. Olson, 16 N. D. 242, 13 L.R.A.(N.S.) 170, 112 N. W. 1056, 14 Ann. Cas. 1155; Dieter v. Fraine, 20 N. D. 484, 128 N. W. 684; Schaf v. Corey, 50 N. D. 432, 196 N. W. 502; Meidinger v. Security State Bank, 55 N. D. 301, 213 N. W. 850. The question is not in whom the legal title is vested, or even whether either the husband or wife is vested with legal title. "Any equitable ownership or title, together with possession and occupation as a home, is sufficient on which to successfully base a homestead exemption." Helgebye v. Dammen, supra. If the dwelling house and the land on which the same is situated are used and occupied as a home "it cannot possibly concern the creditor whether the title is in the husband or the wife." Bremseth v. Olson, 16 N. D. 242, 13 L.R.A.(N.S.) 170, 112 N. W. 1056, 14 Ann. Cas. 1155; Meidinger v. Security State Bank, supra.

(4) It is, also, contended that the 80 acre tract in controversy was a part of a 320 acre tract and that, consequently, under the rule announced by this court in Foogman v. Patterson, 9 N. D. 254, 83 N. W. 15, it was incumbent upon a homestead claimant to select a definite tract not exceeding 160 acres in area or $5,000 in value (Comp. Laws 1913, § 5605) out of such 320 acre tract. The contention thus advanced is not well founded. In our opinion the facts in this case clearly distinguish it from Foogman v. Patterson, supra, and makes the rule announced in that case wholly inapplicable. In that case the judgment debtor was occupying a 640 acre tract of land. The title to the entire tract was vested in the judgment debtor, and it was occupied and utilized by him as one farm. This court held that inasmuch as the judgment debtor, or his wife, might select as a homestead any por-

tion of the 640 acre tract adjacent to the dwelling house, "in such form as will best serve the interests of the family," within the statutory limitations as to extent and value; that until such selection was made the sheriff armed with an execution could not identify the homestead, although all of the 640 acre tract except that impressed with the homestead right was subject to levy and sale under the execution, the failure of the judgment debtor or his wife to select the homestead constituted a waiver of the homestead right. In the case at bar a wholly different situation exists. Here the family home was situated upon an 80 acre tract of land which was acquired by the wife as her separate property. The tract was conveyed to her as one property and continued to be owned and occupied by her as such. The fact that her husband owned adjacent lands did not affect or alter the status of her property. The tract was doubtless assessed as a property wholly separate from that of her husband, and if it had not been impressed with the characteristics of a homestead she could have sold or encumbered the same at any time without regard to the wishes of her husband. In a word, it was her property, separate and apart from the adjacent property belonging to her husband. The evidence in this case shows that the 80 acre tract in controversy was the only land in that vicinity belonging to Anna Squire, and that this tract was occupied by her and her husband as a family home and had been so occupied for more than fifteen years. It was not a part of a 320 acre tract. It was an 80 acre tract, the separate property of Anna Squire, but occupied by her and her husband as a home.

(5) It is next contended that in any event the trial court erred in quieting title in the plaintiffs and in permanently enjoining the judgment creditor from asserting any lien upon the premises under its judgment. In support of this contention appellant cites Klemmens v. First Nat. Bank, 22 N. D. 304, 133 N. W. 1044. The contention is without merit, and the case cited does not support the rule contended for, under the facts in this case. In that case the action to determine adverse claims was instituted by the judgment debtor, who was also the owner in fee of the premises claimed as a homestead. The court held that in these circumstances the judgment creditor should not have been permanently enjoined from asserting any lien to the premises under its judgment for the reason that if at any time, while the judg-

ment still remained in force and while the premises were still owned by the judgment debtor, the premises should cease to be impressed with the homestead character or should enhance in value to an amount in excess to the limit of homestead value as fixed by the statute, the judgment creditor would be entitled to enforce the lien of the judgment against the property which was not subject to the homestead exemption. That is not the situation in this case. Here the premises were sold and conveyed to the plaintiffs while the premises still remained impressed with their homestead character, and the proceeds of the sale were exempt. (Comp. Laws 1913, §§ 5618, 5620). The exempt character of the homestead property, existing at the time of the sale, ran with the transfer; and so far as the purchasers are concerned the judgment in question here cannot be enforced against the premises any more than it could during the time they were occupied by Frank and Anna Squire as a homestead. 29 C. J. p. 920. Any subsequent change in the title or use of the premises could in no event render them subject to the lien of the judgment, unless and until one of the judgment debtors, acquires some estate or interest therein.

Judgment affirmed.

NUESSLE, Ch. J., and BIRDZELL, BURKE, and BURR, JJ., concur.